UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------ X
                                           :

MENACHEM TAUBENFLIEGEL, individually and on     :
behalf of others similarly situated,                    :

                                          :

                    Plaintiff,                 :

                                          :            18-cv-1962-ARR-JO

      -against-                         :

                                          :            OPINION & ORDER

EGS FINANCIAL CARE, INC.,                  :

                                          :

                    Defendant.               :

                                          :

------------------------------------------------------------------------------ X

ROSS, United States District Judge:

Plaintiff Menachem Taubenfliegel brings this putative class action against defendant EGS Financial Care, Inc., a debt collector. Plaintiff alleges that defendant violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq., by sending him an inaccurate and misleading debt collection letter. Defendant has moved to dismiss the complaint on the ground that plaintiff has failed to state a claim under Federal Rule of Civil Procedure 12(b)(6). For the reasons discussed below, defendant's motion to dismiss is granted.

## BACKGROUND

In November 2016, defendant sent plaintiff a debt collection letter regarding a consumer credit card debt. Compl. ¶¶ 9-10, ECF No. 1. This was defendant's first communication with plaintiff. Id. ¶ 11. The letter states that plaintiff's "total balance" is $6,834.00. Id. at 10 ("Collection Letter"); see also id. ¶ 12. It also states that plaintiff's "account balance may be periodically increased due to the addition of accrued interest or other charges as provided in your agreement with the original creditor or as otherwise provided by state law." Id.. Finally, the letter provides a phone number to call if the debtor "need[s] to speak to a representative." Collection Letter.

1

Under the FDCPA, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Specifically, a debt collector may not falsely represent "the character, amount, or legal status of any debt." Id. § 1692e(2)(A). Nor may a debt collector "use . . . any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." Id. § 1692e(10). Whether a collection letter violates § 1692e is judged by the objective "least sophisticated consumer" standard. Avila v. Reixinger & Assocs., LLC, 817 F.3d 72, 75 (2d Cir. 2016) (quoting Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993)). This test "ask[s] how the least sophisticated consumer—'one not having the astuteness of a "Philadelphia lawyer" or even the sophistication of the average, everyday, common consumer'—would understand the collection notice." Avila, 817 F.3d at 75 (quoting Russell v. Equifax A.R.S., 74 F.3d 30, 34 (2d Cir. 1996)). "Under this standard, a collection notice can be misleading if it is 'open to more than one reasonable interpretation, at least one of which is inaccurate.'" Id. (quoting Clomon, 988 F.2d at 1319).

In addition, the FDCPA requires a debt collector to provide written notice of "the amount of the debt." 15 U.S.C. § 1692g(a)(1). This too is judged by "how the 'least sophisticated consumer' would interpret the notice." Carlin v. Davidson Fink LLP, 852 F.3d 207, 216 (2d Cir. 2017) (citing Russell, 74 F.3d at 34). The notice must state the amount of debt "clearly and effectively," such that the least sophisticated consumer is not "'uncertain' as to the meaning of the message." Id. (quoting DeSantis v. Computer Credit, Inc., 269 F.3d 159, 161 (2d Cir. 2001)).

Plaintiff alleges that the collection letter is misleading under § 1692e and fails to state the amount of debt under § 1692g. Compl. ¶ 50. These claims stem from the letter's statement that the "account balance may be periodically increased due to the addition of accrued interest or other charges as provided in your agreement with the original creditor or as otherwise provided by state law." Compl. ¶ 12. According to plaintiff, this language raises a number of questions that render the letter

2

misleading under the FDCPA. Plaintiff alleges that it fails to inform him, among other things, of "whether the account balance listed already includes 'accrued interest'. . . [or] 'other charges,'" id. ¶¶ 22-23; "whether the account balance listed will increase," id. ¶ 25; and what the nature and amount of the interest and other charges might be, id. ¶¶ 26-30. The least sophisticated consumer could reasonably believe, therefore, that the account balance listed on the letter was only accurate as of the date of the letter. Id. ¶ 31. In addition, plaintiff argues, the least sophisticated consumer would not know the amount of debt, because the letter lacks detail on the accrual of interest or other charges. Id. ¶¶ 32-36 & n.1.

In sum, plaintiff alleges that the debt collection letter violates §§ 1692e and 1692g because "it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer" and does not inform the debtor whether the account balance is "the actual amount of the debt due." Id. ¶¶ 20-21.

Defendant has moved to dismiss for failure to state a claim under Rule 12(b)(6). Def.'s Mem. in Supp. of Mot. to Dismiss 1, ECF No. 12-1 ("Def.'s Mot."). It argues that the letter's language is substantially similar to language the Second Circuit identified as acceptable in Avila. Id. at 1-2. The letter, according to defendant, thus does not violate the FDCPA. Id.

## DISCUSSION

On a motion to dismiss under Rule 12(b)(6), the court must accept all factual allegations in the complaint as true and must draw all reasonable inferences in favor of the non-moving party. Lundy v. Catholic Health Sys. of Long Island Inc., 711 F.3d 106, 113 (2d Cir. 2013) (citing Holmes v. Grubman, 568 F.3d 329, 335 (2d Cir. 2009)). Thus in deciding defendants' motion to dismiss, the court must accept the facts alleged in plaintiff's amended complaint as true. The complaint's allegations "must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Only "a plausible claim for relief survives a motion to dismiss." LaFaro v. N.Y. Cardiothoracic Grp., 570 F.3d 471, 476 (2d Cir. 2009) (citing Ashcroft v. Iqbal, 556

3

U.S. 662, 679 (2009)).  Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555)).

**A. Plaintiff Has Failed to State a Claim Under 15 U.S.C. §§ 1692e or 1692g.**

Plaintiff's claims under §§ 1692e and 1692g must be dismissed because the debt collection letter accurately states the amount of his debt and is not deceptive.

"[T]he FDCPA requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees." Avila, 817 F.3d at 76.  In Avila, the Second Circuit held that a debt collection letter violated § 1692e because it did not reveal that interest was accruing on the debt at issue—when, in fact, interest was accruing at a rate of 500% per year. Id. at 74.  The letter was deceptive because the least sophisticated consumer might believe that paying the amount listed on the debt collection letter would satisfy his debt. Id. at 76.  The Avila court held that if a debt collection letter did *not* disclose that the "balance may increase due to interest and fees," it still would not violate § 1692e, provided it "either accurately inform[ed] the consumer that the amount of the debt stated in the letter will increase over time, or clearly state[d] that the holder of the debt will accept payment of the amount set forth in full satisfaction of the debt if payment is made by a specified date." Id. at 77.  In addition, the Avila court approved "safe harbor" language from a Seventh Circuit case on § 1692g(a)(1), holding that the language would also be sufficient to protect the debt collector under § 1692e. Id.  That safe-harbor language states that:

> As of the date of this letter, you owe $____ [the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1–800–[phone number].

Id. (quoting Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C., 214 F.3d 872, 876 (7th Cir. 2000)).

4

Plaintiff argues, however, that, in Carlin, the Second Circuit modified its holding in Avila and that Carlin controls here. Pl.'s Mem. of Law in Opp'n to Def.'s Mot. to Dismiss 14-15, ECF No. 14 ("Pl.'s Opp'n"). In Carlin, the debt collection letter listed a "Total Amount Due," but stated that that it might "include estimated fees, costs, additional payments and/or escrow disbursements . . . which are not yet due as of the date" of the letter. 852 F.3d at 211. The court held that this language "did not adequately state the amount of the debt" as required by § 1692g(a)(1). Id. at 212, 215. The court considered the debt collection letter's mention of "estimated fees" to be particularly problematic, pointing out that the FDCPA's definition of "debt" may not include "unaccrued court costs or attorney fees." Id. at 216. To the extent that the estimated fees included those types of expenses, the "Total Amount Due" would fail to state the true amount of the debt. Id. Moreover, the least sophisticated consumer would have no way of understanding this. See id. In so holding, the Carlin court noted that it was "not ignorant of the safe-harbor statement [it] formulated in Avila." Id. at 216. It held, however, that the debt collection letter at issue did not qualify for that protection because it "only expresse[d] that the Total Amount Due *may* include *estimated* fees and costs." Id. at 217.

Plaintiff relies heavily on language in Carlin that states that a debt collection letter does not satisfy § 1692g when "it omits information allowing the least sophisticated consumer to determine the minimum amount she owes at the time of the notice, what she will need to pay to resolve the debt at any given moment in the future, and an explanation of any fees and interest that will cause the balance to increase." Id. at 216. Taken in isolation, this language "misleadingly suggest[s] a requirement of exhaustive disclosure." Timoshenko v. Mullooly, Jeffrey, Rooney, & Flynn, LLP, No. 17-cv-4472, 2018 WL 1582220, at *3 (E.D.N.Y. Mar. 30, 2018). But, as other judges in this court have recognized, Carlin does not require every collection letter to "provide sufficient information regarding fees and interest for the consumer to determine [his] total outstanding debt 'at any given moment in the future.'" Id. "[S]uch a conclusion [would be] at odds with Avila" and the safe harbor it articulated.

Id. Indeed, it would be at odds with Carlin itself, which reaffirmed that safe harbor. *See* 852 F.3d at 216-17. The problem in Carlin was that the "letter listed an *estimated* amount due." Kolbasyuk v. Capital Mgmt. Servs., LP, No. 17-cv-07499 (BMC), 2018 WL 1785489, at *2 (E.D.N.Y. Apr. 14, 2018). As the Kolbasyuk court explained, "Carlin addresses what a letter needs to do when it does not state the minimum amount owed. . . . [It] does not add on additional requirements if the letter already states the minimum amount due, rather than an estimate." Id.; Timoshenko, 2018 WL 1582220, at *3. "To hold otherwise would upset the reliance interests of the many debt collectors who, taking the Second Circuit at its word, drafted collection letters based on [Avila's] guidance." Timoshenko, 2018 WL 1582220, at *4.

This understanding is also consistent with the Second Circuit's decision in Taylor v. Financial Recovery Services, Inc., 886 F.3d 212 (2d Cir. 2018), which held that "if a collection notice correctly states a consumer's balance without mentioning interest or fees, and no such interest or fees are accruing, then the notice will neither be misleading within the meaning of Section 1692e, nor fail to state accurately the amount of the debt under Section 1692g." Id. at 215. In that case, the debt was not accruing interest—a fact on which the collection notice was silent. Id. at 213. The Taylor court acknowledged plaintiff's favored language from Carlin—that a collection notice must inform the debtor "what she will need to pay to resolve the debt at any given moment in the future," id. at 215. But the court expressly rejected a requirement of exhaustive disclosure, instead approving a collection notice that was silent as to whether a debt is accruing interest, thereby depriving the debtor of information she would need to determine the exact amount of her future debt. See id.

In sum, while Taylor and Carlin have elaborated on the requirements of the FDCPA in situations not addressed by Avila, they have not changed Avila's core holding—that a debt collector may comply with the FDCPA by following the formula of the safe-harbor language.[1]

_____

[1] At least one other judge has reached the opposite conclusion. In Balke v. Alliance One Receivables

The defendant's collection letter here does not violate either § 1692e or § 1692g because it qualifies for the protection of Avila's safe harbor. It lists the actual amount due (rather than an estimated amount), states that that amount may increase due to interest or other charges, and provides a way for the debtor to contact the debt collector. Compl. ¶ 12; Collection Letter. That is all the FDCPA requires.

**B. Plaintiff Is Denied Leave to Amend His Complaint to Add a Claim Under § 1692f.**

Plaintiff also argues in his opposition to defendant's motion that the debt collection letter violates § 1692f, which forbids the use of "unfair or unconscionable means to collect or attempt to collect any debt." Plaintiff did not include this claim in his complaint. To the extent he seeks leave to amend his complaint to include such a claim, I deny him leave to do so. It would be futile to allow plaintiff to add a § 1692f claim, as such a claim would fail as a matter of law. See Ellis v. Chao, 336 F.3d 114, 127 (2d Cir. 2003) ("[L]eave to amend a complaint need not be granted when amendment would be futile.").

A debt collection practice is unconscionable when it is "[s]hockingly unjust or unfair" or when it "affront[s] the sense of justice, decency, or reasonableness." Gallego v. Northland Grp. Inc., 814 F.3d 123, 127-28 (2d Cir. 2016) (quoting Unconscionable, Black's Law Dictionary (10th ed. 2014)) (first alteration in original). Plaintiff argues that it is unfair and unconscionable to send a debt collection letter that is "open to more than one reasonable interpretation, at least one of which is inaccurate." Pl.'s Opp'n 21. In so doing, plaintiff merely repeats his arguments on §§ 1692e and 1692g. For the same reasons that I have concluded that the debt collection letter is not false or

---

Management, Inc., No. 16-cv-5624 (ADS) (AKT), 2017 WL 2634653 (E.D.N.Y. June 19, 2017), the court held that Carlin required more than a listing of the current balance and a statement that the "account balance may be periodically increased due to the addition of accrued interest and other charges." Id. at *5. It took issue—based on Avila—with the fact that the debt collection letter stated only that the charges "may" be added to the balance. Id. at *6. But such a statement is expressly permitted by Avila's safe harbor. 817 F.3d at 77. Balke does not address the existence of the safe harbor or its effect on the debt collection at issue there. I therefore find its analysis less persuasive than that of other district courts discussed here.

deceptive, I also conclude that it is not unfair or unconscionable.  It is not unfair or unconscionable

to inform plaintiff of the exact amount he owes, tell him that it may increase over time, and provide

him with a way to contact the debt collector.  Nor could it be unfair or unconscionable for a debt

collector to comply with the safe-harbor language in <u>Avila</u>.  A claim brought by plaintiff under § 1692f

would therefore fail.

## CONCLUSION

For the reasons discussed above, I grant defendant's motion to dismiss.  In addition, to the

extent plaintiff seeks leave to amend his complaint to add a claim under § 1692f, I deny him that

leave.  Plaintiff's complaint is dismissed in its entirety.


So ordered.


Date:   June 21, 2018                                              s/ Allyne R. Ross
        Brooklyn                                                  Allyne R. Ross
                                                                  United States District Judge

8